IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES H., <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | 8:24CV5 <br><br> ORDER ON MOTION FOR EAJA FEES |

This action for judicial review of the administrative denial of social security disability insurance benefits is before the Court on Plaintiff's Petition for Attorney's Fees under 28 U.S.C. § 2412(d) (EAJA), Filing 19, after a "sentence four" remand to the Commissioner for further proceedings. Filing 17 (decision); Filing 18 (Judgment). Plaintiff requests attorney's fees in the amount of $2,220.55. Filing 19 at 2. In a Response, the Commissioner states that he does not object to an award of attorney's fees in the amount requested. Filing 20 at 1.

The Equal Access to Justice Act (EAJA) is codified in part at 28 U.S.C. § 2412(d). In pertinent part, § 2412(d) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1). The Eighth Circuit Court of Appeals has explained,

> Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked

1

substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A). A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. *Id*. Further, a loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985). The Commissioner does, however, at all times bear the burden to prove substantial justification. *Id*.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The Supreme Court has observed that "[n]o holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993); *Pottsmith v. Barnhart*, 306 F.3d 526, 529 (8th Cir. 2002) (quoting *Schaefer*, 509 U.S. at 300). An award of attorney's fees pursuant to the EAJA "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Here, James H. obtained a remand pursuant to sentence four of § 405(g), *see* Filing 17 at 2, so he is a "prevailing party" within the meaning of the EAJA. *Schaefer*, 509 U.S. at 300. The Court recognizes that the Commissioner did not admit that its position was not substantially justified in either his Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 15, his supporting Brief, Filing 16, or his Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, Filing 20. Nevertheless the Commissioner has conceded James H.'s status as a prevailing party by filing an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 15, and by not opposing the award of EAJA fees, Filing 20. Also, the Commissioner stated in his Brief in Support of Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g):

2

>The Commissioner requests that the Court remand this case to allow the Commissioner to conduct further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Filing 17 at 1. Thus, by conceding the need for remand and by not opposing the award of fees pursuant to the EAJA, the Commissioner has conceded that his position was not "substantially justified."

The remaining issue is the amount of the award. The Court must allow fees for hours that "reasonably and adequately account[ ] for the attorney's court-related services." *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). As to the hourly rate, "[t]he statutory rate for attorney fees for a prevailing social security claimant is '$75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Stockton*, 36 F.3d at 50 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In this case, Plaintiff's counsel seeks an adjusted hourly rate of $244.63 for 2.2 hours in 2023 and $251.10 for 6.7 hours 2024 for a total fee claim of $2,220.55 as compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 USC § 2412(d). Filing 19-1 at 3 (¶ 8); Filing 19-2 at 1. The Court finds that this award is appropriate under the EAJA as to hours and hourly rates.

Finally, Plaintiff requests that the attorney's fees award be delivered to Kappelman Law Firm. Filing 19 at 2. The Commissioner requests that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee be made payable to Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. Filing 20 at 1.

Accordingly, upon the foregoing,

IT IS ORDERED that Plaintiff's Petition for Attorney's Fees under 28 U.S.C. § 2412(d) (EAJA), Filing 19, is granted, and plaintiff James H. is awarded $2,220.55 in attorney's fees pursuant to 28 U.S.C. § 2412(d).

IT IS FURTHER ORDERED that

1.  the attorney's fees award shall be made payable to Plaintiff (using his full name) and delivered to Kappelman Law Firm, if the U.S. Treasury determines that Plaintiff does not owe a federal debt;

2.  payment of the attorney's fees in the amount specified shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to attorney fees under the EAJA in connection with this action; but

3.  this award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Dated this 19th day of September, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge