IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES H., | |
| Plaintiff, | **8:24CV5** |
| vs. | |
| FRANK BISIGNANO, Commissioner of Social Security, | **MEMORANDUM AND ORDER ON MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(B)** |
| Defendant. | |

Before the Court is plaintiff James H.'s[1] motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Filing 22 at 1. The defendant, Commissioner of Social Security, neither supports nor opposes James H.'s motion. Filing 23 at 1. For the following reasons, the Court grants James H.'s motion.

## I. INTRODUCTION

### A. Procedural Posture

In January of 2024, James H. filed a complaint seeking social security disability benefits. Filing 22 at 1. James H. and his attorneys, Ms. Schram and Mr. Kappelman, entered into a contingent fee agreement. Filing 22-1 at 2. Through this agreement, James H. agreed to pay his attorney's fees through the Equal Access to Justice Act (EAJA) and § 42 U.S.C. 406(b). Filing 22-1 at 1. Specifically, this agreement provided that James H. would pay his attorneys 25 percent of his past due benefits under § 406(b) if his case got appealed to federal court and was successful. Filing 22-1 at 1. On remand, James H. was awarded disability benefits. Filing 22 at 1.

---

[1] James H. is the named plaintiff but the real party in interest is Kimberly Schram, his counsel. "[T]he Commissioner . . . has no direct financial stake in the answer to the § 406(b) question." *Gisbrecht v. Barnhart*, 535 U.S. 789, 812 n.6. (2002).

In September of 2024, James H.'s attorneys requested $2,220.55 in attorney's fees pursuant to the EAJA. Filing 21 at 4. The amount reflected an hourly rate of $244.63 for 2.2 hours in 2023, and $251.10 for 6.7 hours in 2024, for all legal services provided by counsel in connection with this action. Filing 21 at 3. After determining that the requested amount "reasonably and adequately account[ed] for the attorney's court-related services[,]" this Court awarded James H.'s attorneys the full $2,220.55 amount requested under 28 U.S.C. § 2412(d). Filing 21 at 3 (quoting *Stockton v. Shalala,* 36 F.3d 49, 50 (8th Cir. 1994)). The current motion seeks approval to charge and collect a fee of $6,013 under 42 U.S.C. § 406(b). Filing 22 at 2.

## II. LEGAL ANALYSIS

### A. Legal Standard

Pursuant to 42 U.S.C § 406(b)(1)(A), a court may impose a reasonable fee for representation as part of its judgment. *Gisbrecht v. Barnhart,* 535 U.S. 789, 795 (2002). The statute states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 *et seq.*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

Section 406(b) funds are paid to attorneys from the claimant's past-due benefits[2] fund, rather than with agency funds like EAJA fees. 42 U.S.C. § 406(b)(1)(A); 28 U.S.C. § 2412(d)(4). A claimant's attorney may receive both EAJA funds and § 406(b) funds, "but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (internal quotation omitted) (adding, "Thus, an EAJA award offsets an award under Section

---

[2] "Past due benefits" are the total amount of benefits that have accumulated because of a favorable decision. 20 C.F.R. § 404.1703.

406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." (citation omitted)).

To assure reasonable results, § 406(b) requires the Court to independently review contingent fee agreements. *Gisbrecht,* 535 U.S. at 807. Section 406(b) also states that contingent fee agreements may not exceed 25 percent of the successful claimant's past due benefits; agreements exceeding 25 percent are unenforceable. 42 U.S.C. § 406(b); *Gisbrecht,* 535 U.S. at 807; *Culbertson v. Berryhill,* 586 U.S. 53, 57 (2019). The claimant's attorney bears the burden of showing that the fee being sought is reasonable. *Gisbrecht,* 535 U.S. at 807.

## B. Discussion

After receiving a favorable judgment in federal court, James H. was notified that 25 percent of his past due benefits totaled $15,213. Filing 22-2 at 3. From this amount, Ms. Schram is seeking $9,200 for the administrative work she performed before the SSA pursuant to § 406(a). Filing 22 at 2; *see Smith v. Sullivan,* 986 F.2d 232, 233 (8th Cir. 1993) ("We [have] held that the federal courts do not have jurisdiction to award fees for administrative level services." (internal citation omitted)).

James H.'s attorneys seek payment of $6,013 under § 406(b) for services in the judicial proceedings. Filing 22 at 2. Counsel arrived at this number by taking the 25 percent of past due benefits, or $15,213, and subtracting the $9,200 that Ms. Schram is seeking for services in administrative proceedings. Filing 22 at 2. Thus, the $6,013 fee that James H.'s attorneys request is the maximum 25 percent of James H.'s past due benefits available. James H.'s counsel had previously received $2,220.55 under the EAJA, which the attorneys request be returned to James H. Filing 22 at 3.

3

The $6,013 fee reflects 8.9 hours of work expended in federal court, which would yield a hypothetical hourly rate of $675.62 per hour. Filing 22 at 2. The attorneys argue that, consistent with *Gisbrecht,* the rate of $675.62 an hour is reasonable due to the contingent nature of the fee agreement. Filing 22 at 2; Filing 22 at 3; *see Gisbrecht,* 535 U.S. at 810 (describing contingent fee agreements to be a risk and a gamble both on outcome and hours of work). The attorneys also believe the rate is reasonable because of their expertise, the eventual award of benefits, the lack of unreasonable delays, and the "reasonable" amount of time spent on the case. Filing 22 at 3. The Court finds the amount of time expended to be reasonable and that this award is appropriate under § 406(b) given the contingent nature of the fee agreements.

Generally, courts should defer to contingency agreements, as they reflect the claimant's intention to secure representation, and of the attorney's intention to represent despite risk of nonpayment. *See Kertz v. Colvin,* 125 F.4th 1218, 1221 (8th Cir. 2025) ("[T]he award set by the contingency agreement must be the anchor of the court's reasonableness analysis under § 406(b)." (internal quotation omitted)); *see also Wells,* 907 F.2d at 371 ("[A] contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." (internal citation omitted)).

Although courts defer to contingency agreements, § 406(b) provides that the court must independently review such agreements. *See Gisbrecht,* 535 U.S. at 807 ("[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results[.]"); *see also Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990) (finding that courts should give contingency agreements the same deference as any contract). When conducting an independent review of a contingent agreement the court may consider the "character of the

representation and the results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill,* 699 F. App'x 587, 588 (8th Cir. 2017) (unpublished) (citing *Gisbrecht,* 535 U.S. at 808). A court may also consider the inherent risk in contingent fee agreements. *See Gisbrecht,* 535 U.S. at 810; *see also Brissette v. Heckler,* 784 F.2d 864, 865-66 (8th Cir. 1986); *Williams v. Colvin,* No. 8:16CV60, 2017 U.S. Dist. 164506, 2017 WL 4443435 (D. Ne. 2017) at *3–4 (D. Neb. Oct. 4, 2016).

After independent review of the contingency agreement in this case, the Court concludes the character of the representation, the results achieved, the lack of any unreasonable delay, and the benefits achieved, all favor acceptance of the agreement. In this case, $675.62 per hour is reasonable based on the risk of nonpayment to the lawyer given the contingent nature of the representation, the favorable outcome, and number of hours expended. *See Hammond v. Saul,* No. 8:20CV287, 2021 WL 5203347 at *5–6 (D. Neb. Nov. 9, 2021) (finding $17,643.75 for 18.9 hours, equating to $933 per hour, was reasonable); *see also Smith v. Berryhill,* No. 8:18CV491, 2020 WL 5408041, at *2 (D. Neb. Sept. 9, 2020) (finding a hypothetical hourly rate of $1,000 was reasonable); *Boettcher v. Kijakazi,* 8:21CV31, 2023 WL 6519224, at *3 (D. Neb. Oct. 5, 2023) (finding a hypothetical hourly rate of $1,000 was reasonable); *Sedlak v. Saul,* 8:18CV515, 2020 WL 5849685, at *5–4 (D. Neb. Oct. 1, 2020) (finding $784 per hour was reasonable).

James H.'s attorneys request that the $6,013 be sent to Ms. Schram, who will reimburse James H. the EAJA award of $2,220.55, and will then disburse to Mr. Kappelman his portion of the award. Filing 22 at 3. The Court concludes this course of action is appropriate given the request of counsel.

## III. CONCLUSION

IT IS ORDERED that

1.      James H.'s motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted

2.      Attorneys' fees under 42 U.S.C. § 406(b) in the amount of $6,031 is awarded to James H., and payment is to be sent to his attorney Ms. Schram, who shall then reimburse James H. the EAJA award of $2,220.55, and shall further disburse to Mr. Kappelman his portion of the award. Filing 22 at 3.

Dated this 9th day of July, 2025.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge